UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SMACK APPAREL COMPANY,

Plaintiff,

v.

SEATTLE HOCKEY PARTNERS,
LLC; NHL ENTERPRISES, LP; and
NATIONAL HOCKEY LEAGUE,

Defendants.

C22-44 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

(1)      Plaintiff Smack Apparel Company ("Smack") moves for judgment on the
pleadings under Federal Rule 12(c) as to both its claims and Defendants' counterclaims
regarding trademark infringement and unfair competition.[1]  Smack asserts that its t-shirt
designs are protected by the First Amendment and that the test set forth in Rogers v.
Grimaldi, 875 F.2d 994 (2d Cir. 1989) applies.  See VIP Prods. LLC v. Jack Daniel's
Props., Inc., 953 F.3d 1170, 1174 (9th Cir. 2020) (acknowledging that the Ninth Circuit
has adopted the Rogers test).  The Court does not make any decision on whether the t-
shirt designs at issue are expressive works to which the two-part Rogers test applies.
Resolution of this issue must await discovery and further motions practice.  Further, even
if the Rogers test applied, Smack, as the moving party, must establish as a matter of law
that Defendants could not establish that Smack's use of the marks *both* (1) is not

---

[1] Where, as here, trademark and unfair competition claims under 15 U.S.C. § 1114 and 15 U.S.C.
§ 1125(a) are based on the same alleged infringing conduct, courts apply the same analysis to both claims.
E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1288 n.2 (9th Cir.1992).

1   artistically relevant to the underlying work, and (2) explicitly misleads consumers as to
2   the source or content of the work.  See id. (citing Gordon v. Drape Creative, Inc., 909
    F.3d 257, 265 (9th Cir. 2018)).  Smack has failed to show that Defendants could not
    prevail on at least the second element of the Rogers test as a matter of law.  Accordingly,
3   Smack is not entitled to judgment on the pleadings on the federal and state[2] claims and
    counterclaims relating to trademark infringement and unfair competition.

4
            (2)     Smack also moves for judgment on the pleadings on the counterclaims
5   alleging copyright infringement.  Smack has failed to show that there are no issues of fact
    as to copyright infringement or the fair use defense, and it is not entitled to judgment on
6   the pleadings on the copyright counterclaims.  Accordingly, the Court also cannot rule on
    counterclaim four, in which Defendants seek a declaratory judgment that Smack's t-shirt
7   designs are not entitled to copyright protection.

8           (3)     For these reasons, Smack's Motion for Judgment on the Pleadings,
    docket no. 25, is DENIED.

9           (4)     The Clerk is directed to send a copy of this Minute Order to all counsel of
    record.
10

            Dated this 19th day of August, 2022.
11

12                                          Ravi Subramanian
                                            Clerk
13
                                            s/Gail Glass
14                                          Deputy Clerk

15

16

17

18

19

20
   _____
21
   [2] The Ninth Circuit has stated that the First Amendment defense applies equally to trademark
   infringement claims under state law and under the Lanham Act.  E.S.S. Ent. 2000, Inc. v. Rock
22  Star Videos, Inc., 547 F.3d 1095, 1101 (9th Cir. 2008).

23

MINUTE ORDER - 2